No. 17,905.

CECIL W. BURLEY, ET AL. *v.* CHARLES E. MCDOWELL, ET AL.
(298 P. [2d] 399)

Decided June 11, 1956.

Mr. PAUL C. BROWN, Mr. HOWARD E. ERICKSON, for plaintiffs in error.

Messrs. WORMWOOD, O'DELL & WOLVINGTON, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

ON March 22, 1955, Cecil W. Burley, as next friend and father of Roy W. Burley filed suit in the district court against the McDowells, husband and wife, alleging the minority of their son and that defendants were the owners and residents of property on East Alameda avenue; that on October 2, 1954, the minor, while an invited guest on the premises of defendants, received serious and permanent injuries as a result of a fire and explosion which was caused by the negligent, careless and unlawful failure of defendants to keep and maintain the inflammable and explosive materials in a safe and proper place; that defendants were negligent in not preventing children of tender years from obtaining and playing with the explosive materials, and prayed for judgment in the approximate sum of $5500. Defendants answer is a general denial of liability. Trial was had to the court without a jury resulting in judgment for defendants, and motion for new trial dispensed with. The complaint does

not contain any of the facts upon which the claim is made. The court as trier of the facts found that plaintiff boy was about nine years old and was an able, intelligent boy and had been instructed by the owner of the premises, defendants, not to go into the storeroom where some gasoline and oil were kept for use in operating a power lawnmower; and further, that in disobeying the command and direction to not go into the building where the inflammable material was kept, the child became a trespasser and concluded by finding defendants were not guilty of negligence in any of the respects claimed.

The improvements on defendants' premises consisted of the residence and four outbuildings, the one next to the residence is called a store because defendants conducted a tropical fish raising business in the out-building. This building is located about fourteen feet from the rear of the residence. Defendants have a nine-year old son named David.

Roy and David were close friends, and on the evening before they had attended a football game and Roy stayed over night with David at defendants' home. The next morning the boys were joined by a neighbor boy about twelve years old. The three boys purchased a small, tin, toy boat, motivated by a lighted candle and took the boat to defendants' home to play with it in the bathtub after they had locked the bathroom door. A decision was reached that the boat might go faster if it had some "fuel." Roy and one of the other boys went out and found an empty tin can and then entered the store where they found some liquid in a gallon glass jug on the floor behind the door. They had emptied some of this into the can and returned to the bathroom and started to pour some of the liquid into the boat and the lighted candle caused an explosion and Roy received serious third degree burns. The plaintiff boy testified that the only time he had gone into this store prior to this occasion when defendant McDowell was not present was when he had been sent in there by Mrs. McDowell to get some-

thing, and otherwise, he had been told by Mr. McDowell to stay out of the store and he knew that when they got the liquid out of the jug that it was something that would burn and he never said anything to defendants about going in there to get it, because he knew he wasn't supposed to go into the store and take anything out.

Plaintiff Cecil W. Burley contends that defendants were guilty of negligence that was the proximate cause of the injuries sustained by the minor, in that they failed to protect and prevent children as social guests from obtaining and playing with a dangerous substance; and further, in keeping a dangerous substance in a place readily accessible to children. Counsel for plaintiffs state that there are only two issues before the court: first, were defendants negligent; and second, was plaintiff boy guilty of contributory negligence? Defendants' counsel insist that the finding of the court as trier of the facts is binding upon this court the same as if it was the jury's finding. They point out that the gasoline substance was not left in the house where the children were playing and plaintiff minor was a guest, but had been left in the store, a separate building, and where plaintiff boy had been instructed not to go.

We believe a determination of the question of defendants' alleged negligence disposes of the case without further consideration of the question of contributory negligence. We perceive no negligence on the part of defendants due to the fact that they kept this gasoline mixture separate and apart from the main residence where the children were to be found and were allowed to play and entertain each other. They kept it in a place for a lawful and reasonable purpose and in a place where this particular minor had been directed not to go. We have a different situation from that of where highly inflammable and explosive gasoline might be kept in larger quantities and at a place where children frequented and it was known to defendants that a dangerous situation could arise. The fact that they kept a small quantity of

gasoline mixed with oil in a place other than the residence, and did not reasonably anticipate that a nine-year old boy, knowing the explosive quality of the mixture, would go where he had been forbidden and obtain some of this mixture to be used in connection with a lighted candle. Counsel for plaintiffs contend there was a due care owing to these boys from defendants in supervising them in their play and thereby preventing the boy from securing the gasoline; however, the trial court determined that if that duty obtained in the present case, it was not breached by any act of defendants, separately or jointly, and the record discloses nothing that would indicate that the boys would do other than to engage in normal routine play such as would not require supervision, and that their play activity was not in and of itself hazardous or dangerous. We agree with the conclusions of the trial court that this was an unfortunate accident, and in fairness and justice to defendants, there is no act to which the court can attach negligence in failing to do what ordinary, prudent persons would do in the maintenance of their premises, where the minor, as an invitee, became a trespasser. Defendants cannot be held to antici- pate such actions as were here indulged by the minor.

For the reasons indicated, the judgment of the trial court in dismissing plaintiffs' complaint was right and is affirmed.

Mr. Justice Sparks did not participate in the consideration of this case.