492 P.2d 899 (1971)
Margo Ann TREVINO, a minor, by her parents and legally appointed guardians, Cruz Trevino and Yolanda Trevino, Plaintiff-Appellant,
v.
John C. HIRSCH, Defendant-Appellee.
No. 70-464.
Colorado Court of Appeals, Div. II.
November 2, 1971.
Rehearing Denied December 7, 1971.
Certiorari Denied January 31, 1972.
*900 Kripke, Carrigan & Dufty, P.C., Denver, John J. Althoff, Greeley, for plaintiff-appellant.
Houtchens, Houtchens & Dooley, John J. Dooley, Greeley, for defendant-appellee.
Not Selected for Official Publication.
ENOCH, Judge.
This is a personal injury case in which plaintiff Margo Ann Trevino, a minor, by her parents, Cruz and Yolanda Trevino, sued John C. Hirsch for damages resulting from third degree burns caused by a gasoline fire. Trial was to a jury. At the close of plaintiff's case, the trial court granted defendant's motion for a directed verdict. The issue on appeal is whether the evidence presented by the plaintiff was sufficient to establish a prima facie case of negligence against the defendant. We affirm the judgment of the trial court.
Plaintiff's evidence established that on August 1, 1967, Yolanda Trevino and her two children, Margo (2) and Tony (5), were visiting Mrs. Trevino's parents, Cosme and Ramona Torrez, on a farm the Torrezes operated for defendant Hirsch. A number of children lived on the farm. The Torrezes had three small children and another daughter of Yolanda Trevino living with them, and defendant's lessor had two, including a thirteen-year-old son, David. Following the Trevino's arrival that day, the children, with the permission of Mrs. Torrez and Mrs. Trevino, decided to resume their morning activity of roasting marshmallows. After experiencing some difficulty in starting the fire David went over to a gasoline storage tank and drained a small quantity of gasoline out of its hose into a tin can. David warned the other children to stand back as he poured the gasoline on the damp wood which he had experienced difficulty in igniting. The gasoline in the can was ignited by a spark from the wood and David dropped the can into a nearby bucket of water. Margo was splashed with the burning gasoline and suffered extensive burns as a result.
The gasoline tank from which David obtained the gasoline was used as a fuel supply for the farm and was located in the farm yard adjacent to one of the utility buildings. The gasoline was drawn from the tank by means of a hose which, when not in use, was hung on the tank in a receptacle constructed so that it could be *901 padlocked. A padlock was not used, but the switch to the pumping mechanism was located in a locked building. After the pump was shut off and the hose returned to its receptacle, a small quantity of gasoline remained in the bottom loop of the hose. It was this residue which David obtained to start the fire.
The evidence also disclosed that defendant and Mr. Torrez had previously used this residue when a small quantity of gasoline was needed and David testified that he had observed Mr. Torrez doing this on a previous occasion.
The Torrez children had been instructed to stay away from the tank. Though there is no evidence that David had been so instructed, he testified that he knew the gasoline did not belong to his family and that it was not available for his use. The evidence further revealed that the nozzle of the hose was kept in the receptacle which was located at the top of the tank approximately 5 feet above the ground level.
There is no claim nor any evidence to infer that the defendant was negligent in maintaining the gasoline in the storage tank. The plaintiff urges on appeal that the defendant was negligent in allowing the small quantity of gasoline (approximately one cup) to remain in the loop of the hose. Plaintiff claims that the hose should have been drained or the nozzle should have been looked in its receptacle.
Both parties rely on the case of Burley v. McDowell, 133 Colo. 566, 298 P.2d 399, as authority for their respective positions. In that case the plaintiff, a nine-year-old, who was found to be a trespasser, obtained some gasoline from an unlocked storage room on the premises of the defendant. The child had been instructed to stay out of the storage room. In that case the court held that under the facts as presented, the land owner was not negligent in keeping gasoline on his premises for a lawful and reasonable purpose. The court there recognized, however, that under a different set of facts, there could be liability. The holding of that case tends to support the defendant in the case at hand and the plaintiff interprets the dictum therein to be supportive of her position. We do not find the Burley case to be that decisive of the issues at hand.
Since the decision of Burley v. McDowell, supra, the Supreme Court in Mile High Fence v. Radovich, Colo, 489 P.2d 308, has laid down, the following basic principles:
"What we are holding is that status or classification of one who is upon the property of another is not to be determinative of the occupant's responsibility or the degree of care which he owes to that person. Rather, the occupant, in the management of his property, should act as a reasonable man in view of the probability or foreseeability of injury to others."
As applied to the case at hand, the question is whether the defendant acted as a reasonable person in view of the probability of injury to the plaintiff. The gasoline was stored on the farm for a lawful and reasonable purpose, i.e., the operation of the farm machinery. The switch which controlled the flow of gasoline from the tank was located in an adjacent utility building away from the residences on the farm. The cup of gasoline which remained in the hose loop could be obtained only by a person who was able to reach five feet above the ground and lower the nozzle. The plaintiff, then a two-year-old, did not obtain the gasoline and obviously could not have obtained the gasoline through her efforts alone. The plaintiff came into contact with the gasoline as a result of the action of thirteen-year-old David who could reach the nozzle and subsequently caused the burning gasoline to be splashed on the plaintiff. Under these circumstances we hold that defendant met the test laid down in Mile High Fence v. Radovich, supra, and there was no negligence shown by the evidence on the part of the defendant as to this plaintiff.
Assuming arguendo, that defendant was shown to have been negligent in not providing a lock for the hose or in failing *902 to instruct the tenant to drain the hose after use, liability does not follow unless it is also shown that such negligence was a substantial factor in producing the injuries. Where, as here, several events may have brought about the harm to plaintiff, and an event other than the defendant's negligence appears predominant, the alleged negligence cannot be considered a substantial factor. Hook v. Lakeside Park Co., 142 Colo. 277, 351 P.2d 261.
There are several factors present which appear as the predominant or more substantial causes of the injury than defendant's failure to lock or drain the hose, such as the parents' allowing the children to build a fire unsupervised, David's obtaining the gasoline which the plaintiff could not have done on her own, and David's dropping the burning can of gasoline in a bucket of water causing the burning gas to splash on the plaintiff. Under these circumstances the defendant's alleged negligence was insignificant and not a substantial factor in causing plaintiff's injury.
Judgment affirmed.
SILVERSTEIN, C.J., and DUFFORD, J., concur.